Chaim B. Book, Esq. (CB4652)
Moskowitz & Book, LLP
345 Seventh Avenue, 21st Floor
New York, New York 10001
(212) 221-7999

**12 CIV 8591**

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---------------------------------------------------------

CHARLES WEISINGER,

          Plaintiff,

vs.

B & H FOTO & ELECTRONICS CORP., as the plan administrator of the B & H Foto Medical Plan and the B & H Foto 401(k) Retirement Plan,

          Defendant.

---------------------------------------------------------

**COMPLAINT**

Plaintiff, Charles Weisinger ("Plaintiff"), by and through his undersigned counsel, and by way of this Complaint against B & H Foto & Electronics Corp. ("Defendant"), as the "plan administrator" of (i) the B & H Foto Medical Plan (the "Medical Plan") and (ii) the B & H Foto 401(k) Retirement Plan (the "Retirement Plan" and, together with the Medical Plan, the "Plans"), alleges as follows:

### SUMMARY OF ACTION

1.    Plaintiff brings this Complaint for equitable relief seeking an Order compelling Defendant to comply with his request for documents pursuant to § 502(a)(1)(A) of

the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(1)(A), with respect to employee benefit plans that are subject to ERISA.

## THE PARTIES

2. Plaintiff is an individual residing in Teaneck, New Jersey.

3. Defendant is a corporation that resides in New York, New York, and having violated ERISA within the State of New York.

4. According to certain filings that Defendant submitted to United States regulatory agencies, Defendant is the "plan administrator" of the Plans, with an address at 420 Ninth Avenue, New York, New York.

5. According to those same filings, Defendant is also the "plan sponsor" of the Plans.

## JURISDICTION AND VENUE

6. Plaintiff asserts jurisdiction pursuant to § 502(e) of ERISA, 29 U.S.C. § 1132(e), and 28 U.S.C. § 1331.

7. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District. Venue is also proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because Defendant violated ERISA within this District.

## FACTUAL ALLEGATIONS

8. In or about May, 2008, Plaintiff was "hired" by Defendant to provide services to Defendant. However, Defendant "hired" Plaintiff as an "independent contractor" and not as an "employee."

9. During the entirety of the term of that Plaintiff was providing services to Defendant, Plaintiff was an "employee" – within the meaning of New York State law, U.S. Wage and Hour laws, and Internal Revenue Service regulations, and also within the meaning of the Plans – however, Defendant mischaracterized Plaintiff as an "independent contractor" and not as an employee.

10. Upon information and belief, at some point in 2012, Defendant determined that it had mischaracterized Plaintiff as an independent contractor (the "Mischaracterization").

11. On or about July 16, 2012, Defendant informed Plaintiff of the Mischaracterization, and further informed him that they would commence characterizing him as an employee under New York State law, U.S. Wage and Hour laws, and Internal Revenue Service regulations and guidelines, and also under the Plans.

12. Soon thereafter, Plaintiff was informed that he may commence participation in the Plans after completing a three month "probation" period.

13. Upon information and belief, Plaintiff was entitled to participation in the Plans at an earlier time, effective at or around the time of his initial hiring. Plaintiff has a reasonable basis to believe that he is owed benefits under the Plans for periods that occurred during the term of the Mischaracterization.

14. Plaintiff is a "participant" of the Plans within the meaning of § 3(7) of ERISA, 29 U.S.C. § 1002(7).

15. Plaintiff has a "colorable claim" for benefits under the Plans within the meaning of ERISA.

16. The Plan is subject to ERISA.

17. Defendant is the "plan administrator" of the Plan within the meaning of § 3(16)(A) of ERISA, 29 U.S.C. § 1002(16)(A).

18. By letter from his counsel dated September 6, 2012, Plaintiff requested of Defendant, as plan administrator of the Plans, pursuant to his right under § 104(b)(4) of ERISA, 29 U.S.C. § 1024(b)(4), copies of certain documents and instruments under which the Medical Plan is established or operated, each of which Plaintiff is entitled to request and receive pursuant to his rights under ERISA. Defendant received that letter on September 10, 2012.

19. By letter from his counsel dated September 6, 2012, Plaintiff requested of Defendant, as plan administrator of the Plans, pursuant to his right under § 104(b)(4) of ERISA, 29 U.S.C. § 1024(b)(4), copies of certain documents and instruments under which the Retirement

Plan is established or operated, each of which Plaintiff is entitled to request and receive pursuant to his rights under ERISA. Defendant received that letter on September 10, 2012.

20. Such requests for documents with respect to the Medical Plan and the Retirement Plan are collectively referred to herein as the "Statutory Request For ERISA Documents".

21. Plaintiff requires all of the documents requested pursuant to the Statutory Request For ERISA Documents in order to determine and enforce his statutory rights under ERISA and under the Plans, and so as to perfect his colorable claim for benefits into an actual claim for benefits.

22. More than thirty (30) days have expired since Plaintiff made the Statutory Request For ERISA Documents.

23. Upon information and belief, Defendant lost the records of the Plan in violation of § 209 of ERISA, 29 U.S.C. § 1059, or otherwise simply refuses to provide them to Plaintiff in violation of § 104(b)(4) of ERISA, 29 U.S.C. § 1024(b)(4).

24. Defendant's failure to comply with the Statutory Request for ERISA Documents within the statutory time period has harmed Plaintiff and prejudiced his rights under ERISA and the Plan.

25. Defendant's failure to comply with the Statutory Request for ERISA Documents is and was an intentional interference with Plaintiff's rights under ERISA, and may be retaliatory in nature, and is prejudicing Plaintiff's ability to perfect his colorable claim for benefits into an actual claim for benefits.

## FIRST COUNT
## VIOLATION OF § 502(c)(1) OF ERISA, 29 U.S.C. § 1132(c)(1)

26. Plaintiff repeats and reasserts the allegations set forth in the foregoing paragraphs as if fully set forth herein.

20. Pursuant to § 502(c)(1) of ERISA, 29 U.S.C. § 1132(c)(1), the plan administrator of a plan subject to ERISA must provide plan participants and certain other eligible individuals with certain documents pertaining to such ERISA plan upon such individual's request within 30 days of such request.

21. In violation of § 502(c) of ERISA, 29 U.S.C. § 1132(c), Defendant has not complied with the Statutory Request For ERISA Documents.

22. As a direct and proximate result of Defendants' actions and omissions, Plaintiff has suffered damages, including but not limited to denial of: (a) his statutory right to receive and review plan documents and instruments relating to the Plans; (b) his statutory right to pursue certain claims for benefits under the Plans, which right may expire pursuant to the provisions of the Plan and ERISA, which may forever prejudice such right; and (c) his statutory right to access and receive his severance benefits under a plan subject to ERISA.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands that the Court enter judgment against Defendants as follows:

(1) Ordering Defendant to furnish Plaintiff with a copy of each and every document and instrument requested pursuant to the Statutory Request For ERISA Documents.

(2) Ordering Defendant, pursuant to the provisions of § 502(c) of ERISA, 29 U.S.C. § 1132(c), and in its capacity as the plan administrator of the Plan, to pay Plaintiff statutory civil penalties at the rate of $110 per day commencing on the 31st day following the date of the Statutory Request For ERISA documents, respectively for each Plan, and ending on the date the Defendant completely fulfills its obligations under the Statutory Request For ERISA Documents, or forever if the documents have been lost in violation of ERISA.

(3) Issuing a declaration that Defendant has breached its fiduciary duty to Plaintiff under ERISA with respect to the Plans by failing to comply with the Statutory Request for ERISA Documents and/or losing the Plan's records in violation of ERISA.

(4)     Ordering Defendant to pay Plaintiff's reasonable attorney's fees and costs of this action pursuant to the provisions of § 502(g) of ERISA, 29 U.S.C. § 1132(g).

(5)     Such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         November 19, 2012

MOSKOWITZ & BOOK, LLP

By: _____
Chaim B. Book (CB 4652)
Attorneys for Plaintiff
345 Seventh Avenue, 21st Floor
New York, New York 10001
(212) 221-7999

-and-

Richard S. Meisner, Esq.
Jardim, Meisner & Susser, P.C.
Suite 201
Florham Park, NJ 07932